Matthias, J.
 

 The single question presented by the record in this case is whether the Court of Common Pleas had jurisdiction of the case when it directed a rehearing of the motion for a new trial, and thereafter vacated its former order in that respect and granted a new trial.
 

 Concededly the trial and all orders subsequent thereto occurred at the same term of that court. The principle has long been established and consistently adhered to and applied that the Court of Common Pleas retains' control over its own orders and judgments during the term, with power to vacate and modify, which is not affected by the incidents that a motion for a new trial has been heard and overruled and a bill of exceptions taken. In the case of
 
 Huber Mfg. Co.
 
 v.
 
 Sweny,
 
 57 Ohio St., 169, 48 N. E., 879, the principle thus announced in previous decisions there cited was restated in the syllabus and applied, though the order
 
 *361
 
 vacating and setting aside such order overruling the motion hy inadvertence had not been entered and such omission was permitted to be supplied by an order
 
 nunc pro tunc
 
 at the succeeding term.
 

 This inherent power of such courts to control their own judgments and to correct, modify or vacate same during the term at which they were rendered has in no way been regulated or abridged by any statute. 23 Ohio Jurisprudence, 1216, Section 1121„ and ¡cases there cited. It has not been abrogated or modified by any provision in the new Appellate Procedure Act. The provisions of amended Section 12223-2, General Code (117 Ohio Laws, —, effective August 23, 1937), are not involved in this case.
 

 The Court of Common Pleas was therefore within its jurisdiction when it granted the motion for a new trial and there was no final order from which to appeal to the Court of Appeals. It follows that instead of an affirmance, an order of dismissal should, have been entered. The judgment is therefore reversed and the cause remanded to that court with direction to dismiss the appeal.
 

 Judgment reversed.
 

 Day, Zimmerman, Whjmams, Myers and Gorman, JJ., concur.